IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 15-cv-00595-RPM

FREDERICK BARKER,

    Applicant,

v.

RICK RAEMISCH, Executive Director, Colorado Dept. of Corrections,
TRAVIS TRANNI, Warden, Colorado State Penitentiary,
CYNTHIA COFFMAN, Attorney General, State of Colorado,

    Respondents.

_____

ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS
_____

Frederick Barker was convicted by jury verdict of two counts of felony murder, one count of second degree murder and two counts of aggravated robbery in the District Court for the City and County of Denver, Colorado. He was sentenced to two consecutive terms of life without parole. The killings were those of a Subway store manager on August 12, 2002, and a cab driver on August 26, 2002.

The Colorado Court of Appeals ("CCA") affirmed the convictions on direct appeal. Barker filed a *pro se* motion under Crim. P. 35(c) in April, 2009. The denial of that motion was affirmed on appeal by the CCA on May 9, 2013.

This Application for a Writ of Habeas Corpus was filed on March 23, 2015.

The claims that are properly before this court are:

    (1)    Barker's confession should have been suppressed because it was obtained after a long interrogation in violation of the Fifth Amendment, the right to counsel and coercion.

(2) Barker's right to due process and a jury of his peers was violated when his lawyer's *Batson* challenge to the prosecutor's use of peremptory challenges of non-white jurors.

(3) The Sixth Amendment was violated by ineffective assistance of trial counsel by

    (a) failing to retain an expert to analyze a tape recording of a call for the cab,

    (b) properly raise and preserve his right to confront witnesses and

    (c) object to the joinder of the two cases for trial.

These claims must be considered within the limitations imposed by 28 U.S.C. § 2254(d), (1) requiring a showing that the state court proceedings resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The trial court conducted an evidentiary hearing on the admissibility of the confession. The interrogation began at 5:43 p.m. and continued until early the next morning. Barker was 18 years old. He was given a polygraph examination. The results are not in the record. It is assumed that it was inconclusive. The interrogation was videotaped. The applicant consistently denied any involvement. At one time he said he was scared and wanted to talk with his father. That request was denied. At about 1:00 a.m. the recording was turned off for eight minutes. It was resumed when Barker said

he would tell what happened. One of the detectives testified that the gap in the recording was because Barker was told he was going to jail and the questioning was stopped to be resumed when he said he would tell what happened.

Three *Miranda* warnings were given at different times. The detectives falsely said that they had DNA and other incriminating evidence. The trial court wrote a lengthy order containing findings of fact supporting the conclusion that the Miranda warnings were adequate and the confession was voluntary. The judge reviewed the videotape and a written transcript. The CCA reviewed those findings in detail and found them to be supported by the evidence in the record.

Under 28 U.S.C. § 2254(e)(1) these findings are presumed to be correct and the Applicant has not met his burden of rebutting that presumption by clear and convincing evidence.

The CCA denied the claim made under *Batson v. Kentucky,* 476 U.S. 79 (1986). According to that court the prosecutor excused two African-American and two Hispanic jurors before a *Batson* challenge was raised when Juror T. was excused. At that time defense counsel noted that Juror T. was black as well. The CCA noted that it did not have a record of the racial and ethnic composition of the jury panel before and after the prosecution's challenges.

As to Juror T. The trial court and the CCA found that the prosecutor gave a race-neutral explanation for excusing him which the defense did not rebut. This court must accept those findings because they are reasonable.

The trial court admitted the testimony of a detective qualified as a firearms expert that bullets retrieved from the bodies of both victims were from the same weapon,

3

relying on a lab report that was introduced without a supporting witness. Trial counsel did not object. The Applicant claims denial of his right to confront witnesses citing *Crawford v. Washington,* 541 U.S. 36 (2004). The CCA reviewed that issue under plain error standard because of the lack of objection. A state statute, C.R.S. § 16-3-309(5) provides that a lab report shall be received in evidence unless a request is made at least 10 days before trial that the technician be called to testify. No such request was made and the CCA held that the right of confrontation was waived. The Colorado Supreme Court has held that this notice requirement is constitutional and that is not contrary to any clearly established Federal law.

The Applicant asserts that counsel failed to object to joinder of these two murder cases for trial. The CCA rejected that claim based on the record showing a written objection and hearing.

The failure to obtain an expert to examine the tape recording of the call for a cab was rejected by the CCA because there was no showing of how that would have produced exculpatory evidence and Barker's confession included a statement that he or his friend called a cab.

Assuming that any of these claims of ineffective assistance of counsel could be considered as performance below the standard of care the Applicant has failed to demonstrate prejudice as required under *Strickland v. Washington,* 466 U.S. 668 (1984).

The principal support for these convictions is the confession. These other challenges have not been sufficient to find that the outcome would have been different if counsel had done what is claimed to be required for adequate representation.

4

For these reasons the Application for Writ of Habeas Corpus is denied and the Clerk shall enter judgment dismissing this civil action. The Court

FURTHER ORDERS that no certificate of appealability will issue because the Applicant has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2).

DATED: April 17, 2018

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge